NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0650n.06
Filed: August 3, 2005

No. 04-3687

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **B A T A V I A   N U R S I N G   &  CONVALESCENT CENTER**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON APPEAL FROM A DECISION OF THE |
| v. | ) | DEPARTMENTAL APPEALS BOARD |
| | ) | |
| **TOMMY THOMPSON**, Secretary, United States Department of Health and Human S e r v i c e s ;   **U N I T E D   S T A T E S DEPARTMENT OF HEALTH AND HUMAN SERVICES**, | ) ) ) ) ) | |
| | ) | |
| Respondents. | | |

Before: **ROGERS** and **SUTTON**, **Circuit Judges**; **FORESTER**, **District Judge**.[*]

**ROGERS, Circuit Judge.** Batavia Nursing & Convalescent Center ("Batavia") appeals a

decision of the Secretary of Health and Human Services imposing civil money penalties on Batavia.

The Centers for Medicare and Medicaid Services ("CMS") assessed the penalties against Batavia

after a survey by Ohio Department of Health officials revealed numerous deficiencies in care, in

violation of Medicare participation requirements. An ALJ found that CMS had correctly identified

deficiencies, but lowered the amount of the money penalties. Batavia appealed the ALJ's decision

---

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

to the Department of Health and Human Services' Departmental Appeals Board, which affirmed the decision. On appeal to this court, Batavia challenges the agency's findings of noncompliance. Further, Batavia argues, the ALJ incorrectly imposed the ultimate burden of persuasion in the civil money penalty adjudication on Batavia, rather than on CMS. Finally, without any developed argumentation, Batavia asserts that the agency imposed an unreasonable amount of money penalties.

"The findings of the Secretary with respect to questions of fact, if supported by substantial evidence in the record, shall be conclusive." 42 U.S.C. § 1320a-7a(e) (2001). For the reasons set forth in the DAB's thorough opinion, we affirm the agency's factual findings with regard to the deficiencies supporting the civil money penalty. Substantial evidence supports the agency's conclusion that Batavia failed to comply with Medicare participation standards. Further, it is unnecessary to consider whether the ALJ, following *Hillman Rehabilitation Center v. United States*, DAB No. 1611 (1997), incorrectly placed on Batavia the burden of persuasion. Because the evidence is not in equipoise in this case, *Hillman* is not dispositive of the result here. *See Fairfax Nursing Home, Inc., v. United States Dep't of Health & Hum. Servs.*, 300 F.3d 835, 840 n.4 (7th Cir. 2002). By failing to raise reasons, other than Batavia's asserted compliance with Medicare participation standards, that the agency imposed an unreasonable money penalty, Batavia has forfeited this argument.

The decision of the Departmental Appeals Board is AFFIRMED.