[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11977

_____

Agency No. 2314

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2011
JOHN LEY
CLERK

GOLDEN LIVING CENTER - RIVERCHASE,

Petitioner,

versus

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent.

_____

Petition for Review of a Decision of the
Department of Health and Human Services

_____

(June 10, 2011)

Before DUBINA, Chief Judge, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Golden Living Center–Riverchase ("Petitioner"), an Alabama nursing facility, appeals the decision of the U.S. Department of Health and Human Services Appeals Board ("the Board") upholding sanctions for regulatory violations. Substantial evidence in the record supported the Board's decision; we deny the petition for review.

Now on appeal to us pursuant to 42 U.S.C. § 1320a-7a(e), Petitioner argues that the Board's decision, which included upholding "immediate jeopardy" violations involving injuries to two of Petitioner's residents, was not supported by substantial evidence.[1] We examine the Board's consideration of each incident to determine whether the Board's decision was "supported by substantial evidence on the record considered as a whole." 42 U.S.C. § 1320a-7a(e).

Resident #8 was an 83-year-old female who suffered from multiple serious medical conditions, including congestive heart failure and diabetes. In February 2007, two nurse assistants either dropped or lowered Resident #8 onto the floor while attempting to transfer her from her bed to a wheelchair. The resident's

---

[1] Petitioner also contends that the Board engaged in an unauthorized de novo review of the record. We see no merit in this argument.

Petitioner further argues that the Board incorrectly imposed the ultimate burden of persuasion in the civil money penalty adjudication on Petitioner, instead of on the Centers for Medicare and Medicaid Services ("CMS"). We decline to address this challenge because the evidence is not in equipoise in this case. See Batavia Nursing & Convalescent Ctr. v. Thompson, 143 F. App'x 664, 665 (6th Cir. 2005) (unpublished); Fairfax Nursing Home, Inc., v. United States Dep't of Health & Human Servs., 300 F.3d 835, 840 n.4 (7th Cir. 2002).

2

individual care plan directed the use of a mechanical lift during transfers; but the nurse assistants failed to use a mechanical lift during this attempted transfer. The HHS administrative law judge ("ALJ") found that Resident #8 suffered "actual harm as a result of her fall."

The Board concluded that this incident constituted an "immediate jeopardy" violation. The record contained evidence of Resident #8's particularly frail condition: she was elderly, obese, suffered from multiple serious medical conditions, and could not stand on her own. The record also showed that the nurse assistants failed to follow Resident #8's care-plan directive to use a mechanical lift when transferring her.[2] The combination of a fall, Resident #8's frail condition, and the nurse assistants' failure to follow the care-plan protocol led the Board to conclude that the incident involving Resident #8 constituted a likelihood of serious injury to a patient and, therefore, an "immediate jeopardy" violation.

Resident #9 was an 85-year-old female who suffered from multiple serious medical conditions, including congestive heart failure and dementia. In February 2007, Resident #9 slid out of her wheelchair while two nurse assistants were

---

[2] Petitioner failed to appeal to the Board the ALJ's finding that Resident #8's fall resulted from inadequate supervision; therefore, Petitioner may not now challenge that factual finding. See 42 U.S.C. § 1320a-7a(e) ("No objection that has not been urged before the Secretary shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.").

preparing her for transfer; Resident #9 fractured her right wrist as a result of the incident. The Board concluded that Petitioner failed to provide adequate supervision for Resident #9 in compliance with Medicare regulations and that the incident constituted an "immediate jeopardy" violation. As the ALJ found, an "accident" occurred involving Resident #9. See Lake Park Nursing & Rehab. Ctr., D.A.B. No. 2035 (2006) ("When an accident does occur, the circumstances . . . may support an inference that the facility's supervision of a resident was inadequate."). The record also contained evidence of Resident #9's frail physical condition: she had limited mobility and range of motion in her lower body, needed extensive assistance with transfers, had poor cognition and judgment, and was known to fidget during care. Resident #9's previously diagnosed osteoporosis counted as another factor that increased her risk for serious injury in the event of a fall.

Given Petitioner's knowledge of Resident #9's poor health and tendency to fidget, the Board pointed to the lack of evidence that Petitioner provided adequate supervision, for example, by attempting to secure Resident #9 or to protect her once she began to wiggle. And Petitioner presented no evidence about the techniques or processes the nurse assistants used with Resident #9. Thus, the Board concluded, Petitioner failed to show that it acted in substantial compliance

with regulations given Resident #9's risk-prone condition.  And given Resident #9's condition and need for special assistance, the Board concluded that this incident constituted an "immediate jeopardy" violation.

We see no reversible error in the Board's decision and conclude that substantial evidence supported its conclusions about Residents #8 and #9.

PETITION FOR REVIEW DENIED.